FONALLEDAS, PETITIONER, *v.* DISTRICT COURT OF SAN JUAN, RESPONDENT.

PETITION for a Writ of Certiorari to the First District Court of San Juan, Hon. Charles E. Foote, Judge.

No. 444.—Decided April 23, 1924.

FILIATION—ATTACHMENT.—In an action of filiation the plaintiff may obtain an attachment to secure the effectiveness of the judgment that may be rendered in his favor.

ID.—ID.—ADMINISTRATION—PARTNERSHIP.—An order directing the administration of property attached to secure the effectiveness of a judgment is void if the petitioner neither alleged nor proved that the property was subject to the risks referred to in section 12 of the Attachments Act, especially when the security prescribed by the said section was not required and also the order would have the effect of authorizing the administrator to participate in the affairs of a mercantile partnership representing a deceased partner, which is contrary to the principles established in the case of *Quintana Brothers* v. *Ramírez*, 22 P. R. R. 707.

The facts are stated in the opinion.

*Messrs. Antonsanti & La Costa* for the petitioner.

*Messrs. M. Tous Soto* and *V. M. Fernández* for the respondent.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is a petition for a writ of certiorari to review an order of attachment and the appointment of an administrator in an action of filiation wherein it is prayed also that property be delivered; that the plaintiffs be declared heirs of their ancestor, and that the defendants be adjudged to render an account of the products received.

The trial court granted the attachment to secure the results of the action and appointed an administrator to take charge of all of the properties of whatever kind belonging to the alleged ancestor, empowering him in connection with the said properties to perform all acts of an administrative character that might be necessary and also to preserve them at the disposal of the said court.

The petitioner complains that the trial court had no

power to grant the attachment or to order an administration of the property attached.

As may be deduced from the petition, it appears that the petitioner considers the meaning of section 1 of the Act to secure the effectiveness of judgments, approved March 1, 1902, limited so that the preliminary attachment can be invoked only to secure the payment of debts.

Notwithstanding the fact that our Act to secure the effectiveness of judgments, *supra,* is derived from the Spanish Law of Civil Procedure, the fact is that our Legislature introduced important modifications in the said act. Under the old law, in order to secure the outcome of the suit the preliminary attachment was resorted to when it was sought to recover a debt in cash or in kind (article 1399 Spanish Law of Civil Procedure), but when the ownership of real property, or the creation, declaration, modification or extinction of any property right was involved, the complaint was noted in the registry. Article 42 of the Mortgage Law. Provision was made also for cases involving the enforcement of obligations to do or not to do something, or to deliver specific things, wherein the court could adopt such measures as the circumstances demanded to secure the effectiveness of the judgment that might be rendered. Article 1428 of the Spanish Law of Civil Procedure.

But in our Attachments Act all of those provisions have been reconstructed and the word "obligation" has been given a significance in consonance with its definition contained in section 1055 of the revised Civil Code, as follows:

"Sec. 1055.—Every obligation consists in giving, doing, or not doing something."

This section has its complement in the next section which reads as follows:

"Sec. 1056.—Obligations are created by law, by contracts, by quasicontracts, and by illicit acts and omissions or by those in which any kind of fault or negligence occurs."

Following that definition and in order to be consistent with it, the Act to secure the effectiveness of judgments of March 1, 1902, provides in sections 1 and 2 as follows:

"Sec. 1.—Every person who shall bring an action for the fulfillment of any obligation, may obtain an order from the court having cognizance of the suit providing that the proper measures be taken to secure the effectiveness of the judgment as the case may require it, should it be rendered in his favor.

"Sec. 2.—The effectiveness of the judgment shall be secured in the following manner:

"(a) If the obligation on which suit is brought be the delivery of a certain object or thing possessed by the defendant, or by a third person in the name of such defendant, said defendant, or third person, as the case may be, shall be prohibited from alienating or encumbering the object or thing until judgment has been rendered.

"(b) If the obligation be the payment of any sum of money, the provisional remedy shall consist of the attachment of sufficient property of the debtor to cover the amount claimed.

"(c) If the obligation consists in the doing of a thing, an attachment shall be issued against the person who is under such obligation for a sum necessary to execute the work left undone or done otherwise than as provided in the agreement.

"(d) If the purpose of the action be to prevent the accomplishment of an act, the remedy shall consist in prohibiting the defendant from executing or continuing the execution of such act under warning of being punished for contempt of court, and in the attachment of a sum sufficient to indemnify against any act executed in contravention of the rights of the demandant.

"(g) In the foregoing cases, if damages are claimed, the remedy may include the attachment of the property of the defendant to an extent sufficient to cover such damages.

"(h) With respect to cases not provided for in the preceding rules, the court shall, in its discretion and in accordance with equity, adopt such measures as it may deem proper to secure the effectiveness of the judgment."

From these sections two things may be inferred logically: One is that the word "obligation" is not given a restricted meaning equivalent to the relation between debtor and creditor and responding to the word "debt", but includes all

kinds of liabilities arising from any of the sources of origin defined in said sections 1055 and 1056 cited; and the other is that, following the foregoing premise, the prayer of the complaint being, among other things, for the delivery of property, the liability demanded from the defendants falls clearly within subdivision (*a*), *supra,* of the Attachments Act, or, in any case, within subdivision (*h*).

It might be objected that the action of filiation does not involve an acknowledged right, but a potential one. But is this not equally or almost equally so in the case of every obligation? The law establishes that kind of obligation, but its acknowledgment depends upon the completion or existence of certain facts which when demonstrated render the obligation demandable.

In an action for the acknowledgment of natural children the obligation is one which the law imposes. The law presupposes certain positive facts or the existence of an authentic document made by the father or mother acknowledging the child; therefore, in such cases it is not sought to obtain an acknowledgment for the first time, but only to establish or prove an acknowledgment already made, for which reason the function of the courts is solely to declare an obligation that the parents had already admitted. Perhaps it will be said that the right of a natural child to filiation has no validity until the declaration is made by a court and that until the child's acknowledgment is so established there are no rights to be secured, but the fact is that the law establishes the obligation derived from parental duties and the obligation may be enforced by means of an action at law, and the Act to secure the effectiveness of judgments makes no distinction between the different classes of obligations defined in section 1056 of the Civil Code, which, departing from Roman precedent as regards the sources of obligations, introduces the innovation of the law as their origin.

The Act to secure the effectiveness of judgments affords a preventive and protective remedy for those who demand

the fulfillment of an obligation, but this does not mean that the obligor is not protected also when security is required in proper cases to answer for the liabilities of the obligees in case the action should fail.

The question being decided in favor of the validity of the attachment, we have to. consider whether it was proper in this case to appoint an administrator to take charge of and manage the property attached.

The motion for the appointment of an administrator reads as follows:

"Now come the plaintiffs by their attorneys in this attachment proceeding and allege:

"First.—That the object of this action is to procure that the plaintiffs be declared the acknowledged natural children of Juan Fonalledas Aymerich, with all the rights inherent to such filiation and among them that of succeeding him to the exclusion of all other persons, and that the defendants deliver to them the properties that compose the estate of the said deceased Fonalledas Aymerich, with the rents and products of such properties.

"Second.—That Miguel Fonalledas y Aymerich has appeared in the case, but the other defendants, who reside in the city of Tosa, Province of Gerona, Spain, have not.

"Third.—That in the same action and at the instance of the plaintiffs the court granted the attachment prayed for in the complaint, forbidding the defendants to alienate, encumber or in any way dispose of the properties that form the estate of the deceased Juan Fonalledas Aymerich.

"Fourth.—That among the properties included in the prohibition to alienate are the following:

"*a.*—The mortgages described in subdivisions 6 and 7 of the ninth paragraph of the second count of the complaint, the interest on which is included in the prohibition to alienate and dispose of.

"*b.*—The rural properties described in subdivisions 8, 9 and 10 of the said ninth paragraph of the second count of the complaint, as well as the products and rents thereof.

"*c.*—The rights and interests of Juan Fonalledas y Aymerich in the firm of Fonalledas Brothers, composed of Juan and Miguel Fonalledas Aymerich, wherein the former owned 150 acres of sugar cane planted on the Higuillard properties described in subdivision 10 of paragraph ninth of the second count of the complaint and in

subdivision 8 of the same paragraph, the cane being ripe for harvesting and needing to be ground during the present season.

"That the firm of Fonalledas Brothers was managed by both partners, with equal rights and powers.

"Fifth.—That the prohibition to alienate the products and rents will be of no effect if, as should be done in accordance with the law and the jurisprudence, the court does not order the administration of the properties that produce them, it being necessary also to appoint an administrator to participate in the management of Fonalledas Brothers, with the same powers and duties as had the deceased partner Juan Fonalledas y Aymerich.

"Wherefore, it is prayed that, as a complement to the order to secure the effectiveness of the judgment rendered in this case, the court appoint an administrator of the properties left by Juan Fonalledas y Aymerich, the alienation, encumbrance and disposition of whose rents and products have been prohibited, the said administrator to participate also in the management of the firm of Fonalledas Brothers with the same powers and rights of the deceased member Juan Fonalledas y Aymerich, and to give such bond as the court may consider necessary to secure the faithful discharge of his duties."

The order of the trial court granting the administration is as follows:

"Considering the motion made by the plaintiffs for the appointment of an administrator in accordance with the provisions of the Act to secure the effectiveness of judgments, the said motion having been heard and argued by the parties in this case, the court is of the opinion that it should appoint, and does hereby appoint, Rafael Marchand Rodríguez as administrator of the estate of Juan Fonalledas Aymerich, to take charge of all the properties of whatever kind that may belong to the said estate, and empowers him, with regard to such properties, to perform all acts of an administrative character that may be necessary, the said administrator being bound to retain in his possession at the disposal of this court the said properties as well as their products. No bond is required, because that given to secure the effectiveness of judgment is sufficient, in the opinion of the court, to answer for the good administration of the properties in question."

Section 9 of the Act to secure the effectiveness of judgments provides the manner in which the attachment shall be

levied on real property, without depriving the defendant of its possession or administration.

Section 10 prescribes that the attachment of personal property shall be effected by depositing the personal property in question in the court, or with the person designated by it, under the responsibility of the plaintiff. Even then, if the defendant gives bond he may retain it in his possession under the warning of the preceding section. Section 11 prescribes that the provisions of the preceding section are applicable to the products of the property attached.

Section 12 of the Act reads as follows:

"Sec. 12.—Notwithstanding the provisions of section 9, the defendant shall be deprived of the custody and administration of the real property under attachment, or the alienation of which has been prohibited, if the said defendant, or the person in charge of the said property, shall abandon it or neglect its administration, or execute any act with regard to said property which shall cause any considerable decrease in its value, provided the facts be satisfactorily proved to the court. In any of the cases aforesaid, the plaintiff, or the person he may designate upon his responsibility, may be appointed as depositary and administrator of the property and such plaintiff shall give sufficient bond, or increase the bond already giving, if, in the judgment of the court it be insufficient to secure the proper performance of his duties as depositary and administrator."

The transcribed petition for the appointment of an administrator does not allege any of the circumstances set forth in section 12, which, when alleged, must be proved to the satisfaction of the court.

Nor in this case could the order of attachment have the effect, as urged by the plaintiffs, of giving the administrator participation and intervention in the management of the firm of Fonalledas Brothers with the same powers and rights of the deceased partner Juan Fonalledas y Aymerich, the alleged ancestor of the plaintiffs.

"There is no doubt that in former times as well as now the creditor of a partner of a mercantile firm of whatever class had and still

has legal means of securing his credit with the interest of the partner in the capital of the firm, but the law did not and does not authorize a creditor of a partner to invade the sanctity of the partnership, point out himself the interest of the partner as shown by the articles of partnership, remove property of the partnership equal in value to the said interest and place it in the custody of a third person for the purpose of securing his credit, thereby practically threatening the destruction of the life of the partnership.

"A partnership is a juridical person distinct from the natural persons of the members who compose it. According to law such juridical person has its rights and obligations and one of the rights consists in the acquisition, possession and enjoyment of corporeal property. The property acquired by the partnership belongs to the partnership and not to any of the members individually. The members have interests in the capital, but such interests follow the fortune of the partnership. It is only when the partnership is dissolved and liquidated that the members individually acquire the interests belonging to them." *Quintana Bros. & Co.* v. *S. Ramírez & Co.,* 22 P.R.R. 707.

The order appointing an administrator is defective also in that it does not require security sufficient to answer for the faithful discharge of the duties of the administrator, as provided in section 12, *supra;* and, lastly, the case of *Rodríguez* v. *District Court of San Juan,* 31 P.R.R. 659, is not in point, because it refers only to standing crops. In that case the attachment did not cover the real property, but only crops of tobacco.

For all of the foregoing reasons, the order of attachment of January 17, 1924, must be affirmed, and the order of February 14, 1924, granting administration of the properties attached must be reversed.

*Order vacated.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf dissented.